FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 0 2 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> LOCAL UNION 728, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. <br><br> **1:06-Cv-0495** <br><br>  |

COMPLAINT

Plaintiff Elaine L. Chao, Secretary of Labor, alleges as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-84 (the "Act") for a judgment declaring that the April 23, 2005 election for the office of Third Trustee conducted by the Local Union 728, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (Defendant) is void, and

directing the Defendant to conduct a new election for the office of Third Trustee under the Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C § 482(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337(a), and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Elaine L. Chao is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action by 29 U.S.C. § 482(b).

5. Defendant is an unincorporated association residing in the County of Cobb, within the Northern District of Georgia, Atlanta Division.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

2

7. Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, hereinafter referred to as the "International," an international labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and (j) of the Act (29 U.S.C. §§ 402(i) and 402(j)).

8. On April 23, 2005, the Defendant, purporting to act pursuant to the International's Constitution and Bylaws, conducted an election of officers, and this election was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481-484).

9. By letter dated April 26, 2005, to the Secretary Treasurer, International Joint Council No. 75, the complainant, Jimmy Payne, a member in good standing of the Defendant, protested the April 23, 2005 election.

10. Having invoked the remedies available without receiving a final decision within three calendar months, the complainant filed a timely complaint with the Secretary of Labor on August 23, 2005, as required by section 402(a)(2) of the Act, 29 U.S.C. § 482(a).

11. By letter dated December 20, 2005, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's April 23, 2005 election would be extended to January 31, 2006.

12. By letter dated January 18, 2006, the Defendant agreed that the time within which the Plaintiff may bring suit with respect to the Defendant's April 23, 2005 election would be extended to March 3, 2006.

13. Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), the Plaintiff investigated the complaint and, as a result of the facts shown by her investigation, found probable cause to believe that: (1) a violation of Title IV of the Act (29 U.S.C. §§ 481-484) had occurred in the conduct of the Defendant's April 23, 2005 election; and (2) such violation had not been remedied at the time of the institution of this action.

14. Section 401(e) of the Act (29 U.S.C. § 481(e)) was violated in the conduct of the Defendant's April 23, 2005 election in that notice of the election, including ballots to be voted in the election, were not mailed to all members.

15. The violation of section 401(e) of the Act (29 U.S.C. § 481(e)) may have affected the outcome of the Defendant's election for the office of Third Trustee.

4

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment:

(a)  declaring the Defendant's election for the office of Third Trustee of Local Union 728, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America void;

(b)  directing the Defendant to conduct a new election for the office of Third Trustee under the supervision of the Plaintiff;

(c)  for the costs of this action; and

(d)  for such other relief as may be appropriate.

Respectfully submitted,

HOWARD M. RADZELY
Solicitor of Labor

PETER D. KEISLER
Assistant Attorney General

KATHERINE E. BISSELL
Associate Solicitor

DAVID E. NAHMIAS
United States Attorney

STANLEY E. KEEN
Regional Solicitor

by: *Mina Rhee*
MINA RHEE
Assistant United States Attorney
Ga. Bar No. 602047
U.S. Attorney's Office
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, Georgia 30303
(404) 581-6302
Fax: (404) 581-6234

LARRY A. AUERBACH
Deputy Regional Solicitor

DANA FERGUSON
Attorney
Ga. Bar No. 250627

5

Office of the Solicitor                    Attorneys for Plaintiff
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, Georgia 30303
(404) 562-2057
Fax: (404) 562-2073