# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 2 2 2006

JAMES N. HATTEN, CLERK

Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ELAINE CHAO, Secretary of Labor
United States Department of Labor,

    Plaintiff,

        vs.

LOCAL UNION 728, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN
AND HELPERS OF AMERICA,

    Defendant.

   :
   :
   :
   :
   :   CIVIL ACTION NO.
   :   1:06-CV-0495-RWS
   :
   :
   :
   :
   :
   :
   :

## CONSENT JUDGMENT

The parties hereby stipulate and agree to a settlement of this action as follows:

1. Plaintiff brought this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (Act of September 14, 1959, 73 Stat. 519, et seq., 29 U.S.C. 481, et seq.)(hereafter, "the Act") to set aside the Defendant's April 2005, election of the office of the Third Trustee, which election was subject to the provisions of Title IV of the Act.

2. Plaintiff alleged in her Complaint that violations of Title IV of the Act occurred in connection with the election referred to in paragraph one.

3. The parties hereby stipulate and agree that a new election for the office of the Third Trustee shall be conducted. The election shall be conducted under the supervision of the Plaintiff, in accordance with Title IV of the Act (29

U.S.C. § 481 et seq.) and, insofar as lawful and practicable, with the International Brotherhood of Teamsters Constitution and the Local 728 By-laws. Such election shall be conducted no later than December 31, 2006.

4. The Defendant enters into this Consent Decree in order to avoid future costs of litigation and to promote the finality of its 2005 election of officers.

5. A pre-election conference shall be held by the Plaintiff at a site provided by the defendant. The conference will be used to discuss and explain the rules and procedures to be followed in the re-run election. The conference shall be open to all Local 728 members. No less than fifteen days prior to the conference, a notice announcing the conference shall be posted at all facilities.

6. All decisions of the Plaintiff as to the interpretation or application of Title IV of the Act relating to the supervised election shall be final.

7. The Court shall retain jurisdiction of this action, and after completion of the supervised election, the Plaintiff shall certify to the Court the name of the person so elected, and shall certify that such election was conducted in accordance with Title IV of the Act, and the provisions of the Constitution and By-Laws as referred to in paragraph four, if it is so. Upon approval of such certification, the Court shall enter a judgment declaring that such person has been elected as shown by the certification.

8. After the Court has approved the certification of the election, the winning candidate shall be installed pursuant to the Constitution and By-Laws of the Defendant.

9.   The parties agree that each party shall bear its own fees
     and other expenses, including attorney's fees, incurred by
     such party in connection with any stage of this proceeding.

SO ORDERED this _____*2 lst*_____ day of September, 2006.

_____
RICHARD W. STORY
UNITED STATES DISTRICT COURT JUDGE


For Plaintiff:

DAVID E. NAHMIAS
UNITED STATES ATTORNEY


Dated: _9/20/06_         _Mina Rhee_____
                         MINA RHEE
                         ASSISTANT U.S. ATTORNEY
                         Ga. Bar No. 602047
                         600 U.S. Courthouse
                         75 Spring Street, SW
                         Atlanta, Georgia 30303


For Defendant:


Dated: _9/20/06_         _James Fagan by Mina Rhee w/ express
                         JAMES D. FAGAN, JR.        permission
                         Georgia Bar No. 253950
                         1401 Peachtree Street, NE
                         Suite 238
                         Atlanta, Georgia 30309